IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL CONRAD HENSON                                                    PLAINTIFF

v.                          Civil No. 5:25-cv-05114-CDC

CHRISTOPHER RODRIGUEZ, Dentist; and
WASHINGTON COUNTY SHERIFF'S DEPARTMENT                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Michael Conrad Henson ("Henson"), filed this action alleging civil rights violations under § 1983.   42 U.S.C. § 1983.   Henson proceeds *pro se* and *in forma pauperis*.

The case was directly assigned to the undersigned Magistrate Judge.   However, because not all parties to the action have consented to the jurisdiction of the undersigned, and Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks.   28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) under 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

Henson alleges that on some unspecified date, Defendant Rodriguez saw him to pull a tooth.   (ECF No. 6 at 4).    Henson says Defendant Rodriguez "was pushing with the dental pick and talking to the officer that was standing guard."   *Id.*   Henson believed there was no reason for Defendant Rodriguez to be pulling or pushing so hard.   *Id.*   Defendant Rodriguez "looked off while pushing to answer the guard and the pick slipped off and punctured [Henson's] face traveling up [his] upper jaw bone and stopped around ½ inch from [his] right eye."   *Id.* at 4-5.   This caused

1

Henson to bleed profusely requiring Defendant Rodriguez to place a "big amount of gauze in [his] mouth" three separate times until the bleeding became minimal.  *Id.* at 6.  Henson alleges the injury caused his body to go into shock.  Further, Henson asserts that Defendant Rodriguez's "tragic mistake . . . brought about a life threatening infection named cellulit[i]s."  *Id.*  Henson states he has been on antibiotics several times and the infection keeps coming back.  *Id.*

Henson has sued Defendant Rodriguez in both his official and individual capacities.  (ECF No. 6 at 5).  With respect to the official capacity claim, where Henson is asked to describe the custom, policy, or widespread practice that violated his constitutional rights, he wrote that Defendant Rodriguez was "distracted" while performing a "professional procedure" and failed to perform a "safe extraction" of his tooth.  *Id.*

Henson says he has been unable to determine either the name of the guard or the date of the dental appointment.  (ECF No. 6 at 6).  Henson wants to sue the guard because he distracted Defendant Rodriguez while he should have been focused on his task.  *Id.*

As relief, Henson seeks compensatory and punitive damages.  (ECF No. 6 at 9).  He wants the Court to deem him "deserving of compensation" and "not deserving to have [his] face punctured due to the fact that [he is] not a voo-doo-doll."  *Id.*

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be

2

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To assert a claim under § 1983, Plaintiff's must allege two elements: (1) the action occurred under color of law and (2) the action is a deprivation of a federal statutory or constitutional right.

For purposes of this screening, the Court will assume Defendant Rodriguez was acting under color of law while providing dental services to Henson. "The Eighth Amendment requires . . . prison officials to provide inmates with needed medical care." *Cullor v. Baldwin,* 830 F.3d 830, 836 (8th Cir. 2016). But the bar for pleading a plausible claim is high. There must be facts suggesting the prisoner (1) had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need. *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020). The first prong is an objective component while the

3

second prong is a subjective component.  *Jones v. Faulkner Cty, Arkansas,* 131 F.4th 869, 874 (8th Cir. 2025) (citations omitted).   For purposes of this screening, the Court assumes that a tooth that needs to be pulled constitutes a serious medical need.  *See e.g., Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) ("A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.") (internal quotations omitted).

"To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the [detainee's] health."  *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal quotations and citations omitted).  The Eighth Circuit has stated that this "onerous standard requires a showing more than negligence, more than even gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate."  *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotations and citations omitted).

Here, Henson alleges only that Defendant Rodriguez while pushing and/or pulling on his tooth became distracted when speaking with the guard thereby causing the injury.   Henson himself refers to this as a "tragic mistake" and alleges no facts suggesting Defendant Rodriguez or the unnamed guard acted with deliberate indifference towards his serious medical needs.   The Court is not unsympathetic to the fact that repetitive infections have resulted from the injury Henson sustained.   However, there must be some facts from which at least an inference can be made that the Defendants subjectively knew of, but deliberately disregarded, Henson's serious medical needs.   Here Defendants actions sound at most in negligence or gross negligence.

4

With respect to the official capacity claim, as no individual liability exists, Washington County cannot be held liable.   *See e.g., Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (finding that without a constitutional violation by individual officers, there could be no *Monell* municipal liability).   Finally, the Washington County Sheriff's Department is not a proper Defendant.   Sheriff's departments are not subject to suit under § 1983.   *See e.g., Ketchum v. City of W. Memphis,* 974 F.2d 81, 82 (8th Cir. 1992) (municipal departments like jails, police departments, and sheriff's offices are not legal entities subject to suit).

## IV.    CONCLUSION

For the reasons stated above, I recommend that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(2) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**RECOMMENDED** this 28th day of July 2025.

*s/* *Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE